UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, and JOSEPH R. CAPEN,<br><br>      Plaintiffs,<br><br>   v.<br><br>CHARLES D. BAKER, in his official capacity as Governor of the Commonwealth of Massachusetts, and MAURA HEALEY, in her official capacity as Attorney General of the Commonwealth of Massachusetts,<br><br>      Defendants. | Civil Action No. 1:22-cv-11431-FDS |

## **DEFENDANT ATTORNEY GENERAL MAURA HEALEY'S ANSWER**

The Defendant Maura Healey, in her official capacity as Attorney General of the Commonwealth of Massachusetts (the "Defendant"), hereby answers the Plaintiffs' Complaint as follows.

1. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

3. The allegations of the first sentence of Paragraph 3 are admitted. The allegations of the remainder of Paragraph 3 purport to quote the Massachusetts Constitution, which speaks for itself and no response is required; except that the Defendant denies the allegation that the Governor is "ultimately responsible for the enforcement of the laws of Massachusetts[.]"

4. The allegations of the first sentence of Paragraph 4 are admitted. The allegations of the remainder of Paragraph 4 are legal conclusions to which no response is required.

5. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 5 that the Defendants "are or will enforce" M.G.L. c. 140, §§ 121 and 131M against the Plaintiffs, but the Defendant denies any allegation that she has taken any action with respect to the Plaintiffs. Further responding, the Defendant denies that M.G.L. c. 140, §§ 121 and 131M are unconstitutional.

6. The allegations of Paragraph 6 purport to state legal conclusions, to which no response is required.

7. The allegations of Paragraph 7 purport to state legal conclusions, to which no response is required.

8. The allegations of Paragraph 8 purport to state legal conclusions, to which no response is required.

9. The allegations of Paragraph 9 purport to quote and characterize the Second Amendment to the United States Constitution, to which no response is required.

10. The allegations of Paragraph 10 purport to state a legal conclusion concerning the Fourteenth Amendment, to which no response is required.

11. The allegations of Paragraph 11 purport to describe the legal claims asserted in the Complaint, to which no response is required.

12. The allegations of Paragraph 12 purport to characterize M.G.L. c. 140, § 121, which speaks for itself and no response is required.

13. The allegations of the first two sentences of Paragraph 13 are denied. The remaining allegations of Paragraph 13 purport to define a term used in this Complaint, to which

no response is required. To the extent the remaining allegations of Paragraph 13 purport to assert facts, those facts are denied.

14. The allegations of Paragraph 14 purport to quote M.G.L. c. 140, § 131M, which speaks for itself and no response is required.

15. The allegations of Paragraph 15 purport to state a legal conclusion, to which no response is required.

16. The allegations of Paragraph 16 purport to state a legal conclusion, to which no response is required.

17. The allegations of the first sentence of Paragraph 17 are denied. The allegations of the second and third sentences of Paragraph 17 purport to quote and characterize *Staples v. United States*, 511 U.S. 600 (1994), which speaks for itself and no response is required. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth sentence of Paragraph 17.

18. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 18. The allegations of the final sentence of Paragraph 18 are denied. The remainder of Paragraph 18 purports to quote and characterize out-of-circuit cases, which speak for themselves.

19. The allegations of Paragraph 19 purport to quote a dissenting opinion, a law review article, and a newspaper article, which documents speak for themselves and no response is required. To the extent these allegations purport to assert facts, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of those facts.

20. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 20. The allegations of the second

sentence of Paragraph 20 purport to a state legal conclusion, to which no response is required; but the Defendant denies that M.G.L. c. 140, §§ 121 and 131M violate the Second Amendment.

21. The allegations of Paragraph 21 purport to paraphrase M.G.L. c. 140, § 121, which speaks for itself and no response is required.

22. The allegations of the first three sentences of Paragraph 22 are denied. The remaining allegations of Paragraph 22 purport to define a term used in this Complaint, to which no response is required. To the extent the remaining allegations of Paragraph 22 purport to assert facts, those facts are denied.

23. The allegations of Paragraph 23 purport to characterize M.G.L. c. 140, § 131M, which speaks for itself and no response is required.

24. The allegations of Paragraph 24 purport to state legal conclusions, to which no response is required; but the Defendant denies that M.G.L. c. 140, §§ 121 and 131M violate the Second Amendment.

25. The allegations of Paragraph 25 purport to state legal conclusions, to which no response is required; to the extent they purport to assert facts, those facts are denied.

26. The allegations of Paragraph 26 purport to quote and characterize a dissenting opinion in *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017), which speaks for itself and no response is required. To the extent the allegations of Paragraph 26 purport to state facts, the Defendant lacks knowledge or information sufficient to form a belief as to the truth of those facts.

27. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 27. The allegations of the second and third sentences of Paragraph 27 purport to quote and characterize cases, which speak for themselves and no response is required; to the extent they purport to assert facts, the Defendant

lacks knowledge or information sufficient to form a belief as to the truth of those facts, except they deny the allegation that magazines capable of holding more than 10 rounds of ammunition are "standard."

28.     The allegations of the first sentence of Paragraph 28 purport to state legal conclusions, to which no response is required; but the Defendant denies that magazines capable of holding more than 10 rounds are presumptively protected by the Second Amendment.  The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 28.  The allegations of the third sentence of Paragraph 28 purport to state a legal conclusion, to which no response is required; but the Defendant denies that M.G.L. c. 140, §§ 121 and 131M violate the Second Amendment.

29.     The allegations of Paragraph 29 purport to state legal conclusions, to which no response is required; but the Defendant denies that M.G.L. c. 140, §§ 121 and 131M violate the Second Amendment.

30.     The allegations of Paragraph 30 purport to state legal conclusions, to which no response is required; they also purport to characterize an order in *Rocky Mountain Gun Owners v. The Town of Superior*, Case No. 22-cv-1685 (July 22, 2022), which speaks for itself and no response is required.

31.     The allegations of the first two sentences of Paragraph 31 purport to state legal conclusions, to which no response is required; but the Defendant denies that M.G.L. c. 140, §§ 121 and 131M infringe the Plaintiffs' constitutional rights.  The allegations of the third sentence of Paragraph 31 purport to characterize Defendants' position in this case, and therefore no response is required.  The remaining allegations of Paragraph 31 state a prayer for relief, to

which no response is required; but the Defendant denies that M.G.L. c. 140, §§ 121 and 131M infringe the Plaintiffs' constitutional rights.

32.     The allegations of Paragraph 32 purport to state legal conclusions, to which no response is required; to the extent they purport to assert facts, those facts are denied.  Further responding, the Defendant denies that enforcement of M.G.L. c. 140, §§ 121 and 131M will violate the Plaintiffs' constitutional rights, and therefore, they deny that Plaintiffs are entitled to any remedy.

33.     The Defendant repeats and realleges her answers to the allegations of the foregoing paragraphs and incorporate them herein by reference.

34.     The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 34.  The remaining allegations of Paragraph 34 purport to state legal conclusions, to which no response is required; but the Defendant denies that M.G.L. c. 140, §§ 121 and 131M violate the Second Amendment.

35.     The allegations of Paragraph 35 purport to state legal conclusions, to which no response is required; to the extent they purport to state facts, those facts are denied.  Further responding, the Defendant denies that M.G.L. c. 140, §§ 121 and 131M violate the Second and Fourteenth Amendments.

36.     The allegations of Paragraph 36 purport to state legal conclusions, to which no response is required.

37.     The allegations of Paragraph 37 purport to state legal conclusions, to which no response is required; to the extent they purport to assert facts, those facts are denied.

38.-41.  Paragraphs 38 through 41 assert Plaintiffs' Prayer for Relief, which is not an allegation to which a response is required.

### **First Affirmative Defense**

The Commonwealth's sovereign immunity and Eleventh Amendment immunity bar Plaintiffs from seeking or obtaining relief against the Commonwealth and, in particular, bar a declaration or enforcement of state law against the defendant officials.

### **Second Affirmative Defense**

The Complaint fails to state a claim for violation of Plaintiffs' rights under the Second and Fourteenth Amendments to the United States Constitution.

### **Third Affirmative Defense**

The Plaintiffs have not alleged injury-in-fact and so lack standing to prosecute this case. This Court therefore lacks jurisdiction over the subject matter of this action under Article III.

### **Fourth Affirmative Defense**

The Plaintiffs' claims are not ripe and this Court therefore lacks jurisdiction over the subject matter of this action.

### **Additional Defenses**

The Defendant reserves the right to raise any and all defenses that may become apparent or available during the course of the proceedings in this case.

WHEREFORE, Attorney General Healey requests that this Court: (1) dismiss the Complaint, deny Plaintiffs' Prayers for Relief with prejudice, and enter judgment for the Defendant; and (2) order such other relief as is just and proper.

October 28, 2022

Respectfully submitted,

MAURA HEALEY,
in her official capacity as Attorney General of the Commonwealth of Massachusetts,

*s/ Julie E. Green*
Julie E. Green, BBO # 645725
Grace Gohlke, BBO # 704218
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108-1698
(617) 963-2085
(617) 963-2527
(617) 727-5785 (Facsimile)
Julie.Green@mass.gov
Grace.Gohlke@mass.gov

## **CERTIFICATE OF SERVICE**

I, Grace Gohlke, hereby certify that a true and correct copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 28, 2022.

*/s/ Grace Gohlke*