UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, and JOSEPH R. CAPEN,<br><br>       Plaintiffs,<br><br>v.<br><br>ANDREA JOY CAMPBELL,<br>in her official capacity as Attorney General of the Commonwealth of Massachusetts,<br><br>       Defendant. | CIVIL ACTION NO.:<br>1:22-cv-11431-FDS |

**DEFENDANT'S ASSENTED-TO MOTION FOR LEAVE
TO FILE MEMORANDUM IN EXCESS OF 20 PAGES**

Pursuant to Local Rule 7.1(b)(4), the defendant Andrea Joy Campbell,[1] in her official capacity as Attorney General of the Commonwealth of Massachusetts, respectfully moves for leave to file a 50-page memorandum of law in opposition to the Plaintiffs' Motion for Preliminary Injunction. The grounds for this motion are as follows:

1. This action asserts a Second Amendment challenge to provisions of G.L. c. 140, §§ 121 and 131M that proscribe the sale, transfer, and possession of certain semiautomatic assault weapons and large-capacity magazines.

2. On November 9, 2022, the Plaintiffs filed a Motion for Preliminary Injunction. Dkt. #15. The Attorney General's opposition is due January 31, 2023, under the scheduling order issued by the Court. Dkt. # 17.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Attorney General Andrea Joy Campbell, in her official capacity as Attorney General of the Commonwealth of Massachusetts, has been automatically substituted for former Attorney General Maura Healey in the caption as well as in the body of this Motion.

3. In 2022, the United States Supreme Court decided *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which prescribes a two-step inquiry for review of Second Amendment challenges. First, the court must examine whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 2129-30. If so, the conduct is presumptively protected, and "[t]he government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2130. At this second step, the Supreme Court in *Bruen* conducted a self-described "long journey through the Anglo-American history of public carry," *id.* at 2156, involving a review of historical sources going back to the founding and beyond. *Id.* at 2138-56.

4. In her opposition memorandum, the Attorney General intends to address the complex legal and factual questions raised by the Plaintiffs' Motion. In accordance with *Bruen*, the Attorney General's memorandum provides the Court with an analysis of historical regulations and historical technological developments throughout the Nation's history. The memorandum is supported by eleven declarations from experts in fields including weaponry and weapons regulation from different historical periods.

5. This length is comparable to the length of other briefs filed in opposition to similar motions in similar cases in other states. *See, e.g.*, Brief in Opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction and Memorandum in Support, *Ocean State Tactical, et al. v. Neronha et al.*, D.R.I. No. 1:22-cv-00246, Dkt. #19, filed Oct. 14, 2022 (60 pages); Defendant City of Highland Park's Opposition to Motion for Preliminary Injunction, *Nat'l Assoc. for Gun Rights et al. v. City of Highland Park*, N.D. Ill. No. 1:22-cv-04774, Dkt. #45, filed Jan. 19, 2023 (50 pages); Defendants' Opposition to Plaintiffs'

Application for Preliminary Injunction, *Hanson v. District of Columbia*, D.D.C. 1:22-cv-02256, Dkt. #17, filed Nov. 23, 2022 (45 pages).

5. Therefore, to be of proper assistance to the Court in resolving the legal and factual issues, the Attorney General requests that the usual limit of 20 pages be enlarged. The Attorney General has prepared a memorandum of law comprising not more than 50 pages of text double-spaced.

6. The Plaintiffs have assented to this Motion.

Accordingly, the Attorney General respectfully requests that the Court allow her to file a memorandum of law in opposition to the Plaintiffs' Motion for Preliminary Injunction not to exceed 50 pages.

Date: January 25, 2023

                                                Respectfully submitted,

                                                ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts,

                                                *s/ Julie E. Green*
                                                Julie E. Green, BBO # 645725
                                                Grace Gohlke, BBO # 704218
                                                Assistant Attorney General
                                                Office of the Attorney General
                                                One Ashburton Place
                                                Boston, MA 02108-1698
                                                (617) 963-2085
                                                (617) 963-2527
                                                (617) 727-5785 (Facsimile)
                                                Julie.Green@mass.gov
                                                Grace.Gohlke@mass.gov

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I hereby certify that pursuant to Local Rule 7.1(A)(2), I have conferred with opposing counsel concerning the subject matter of this motion and he has assented to this request.

/s/ Julie E.Green_____
Julie E.Green

### CERTIFICATE OF SERVICE

I, Julie E. Green, hereby certify that a true and correct copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 25, 2023.

*/s/ Julie E. Green*