IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NATIONAL ASSOCIATION FOR GUN RIGHTS and
JOSEPH R. CAPEN,

            *Plaintiffs*,

   v.

ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts,

            *Defendant*.

No. 1:22-cv-11431-FDS

**MOTION OF EVERYTOWN FOR GUN SAFETY SUPPORT FUND FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Everytown for Gun Safety Support Fund ("Everytown") respectfully submits this motion for leave to file an amicus curiae brief in the above-captioned action in support of Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction. If granted leave, Everytown will file the brief attached as Exhibit A.[1] Defendant consents to this motion; Plaintiffs oppose. In support of this motion, Everytown states as follows:

**INTEREST OF AMICUS CURIAE**

1. Everytown is the education, research, and litigation arm of Everytown for Gun Safety (formally, Everytown for Gun Safety Action Fund), the nation's largest gun-violence-prevention organization, with nearly ten million supporters across the country, including more than 210,000 in Massachusetts. Everytown for Gun Safety was founded in 2014 as the combined effort

---

[1] No party or party's counsel authored Everytown's proposed amicus brief in whole or part. Apart from Everytown, no person or entity contributed money to fund its preparation or submission.

of Mayors Against Illegal Guns, a national, bipartisan coalition of mayors combating illegal guns and gun trafficking, and Moms Demand Action for Gun Sense in America, an organization formed after a gunman murdered twenty children and six adults at an elementary school in Newtown, Connecticut. Mayors Against Illegal Guns was co-founded by then-Boston Mayor Thomas Menino; today, the mayors of 20 Massachusetts cities are members of Mayors Against Illegal Guns. Everytown for Gun Safety also includes a network of gun-violence survivors who are empowered to share their stories and advocate for responsible gun laws, as well as a national movement of high school and college students working to end gun violence.

2. Everytown has devoted substantial time, energy, and resources into researching and developing expertise in historical firearms legislation. Everytown has drawn on that expertise to file more than 60 amicus briefs in Second Amendment and other firearms cases, offering historical and doctrinal analysis, as well as social science and public policy research, that might otherwise be overlooked.[2] Several courts have expressly relied on Everytown's amicus briefs in deciding Second Amendment and other firearms cases.[3] Just last year, Everytown filed an amicus brief before this Court. *See Estados Unidos Mexicanos v. Smith & Wesson Brands, Inc.*, No. 1:21-cv-11269, Dkt. 153 (D. Mass. Apr. 1, 2022) (Saylor, *C.J.*); *see also Gould v. O'Leary*, No. 1:16-cv-10181, Dkt. 83 (D. Mass. Oct. 24, 2017) (Saylor, *D.J.*).

---

[2] *See, e.g.*, *Granata v. Campbell*, No. 22-1478, Dkt. 00117972457 (1st Cir. Feb. 6, 2023); *VanDerStok, et al. v. Garland, et al.*, Dkt. 516590444, No. 22-11071 (5th Cir. Dec. 17, 2022); *Miller v. Smith*, No. 22-1482, Dkt. 42 (7th Cir. Oct. 13, 2022); *Antonyuk v. Nigrelli*, No. 22-908, Dkt. 193 (2d Cir. Jan. 17, 2023); *Nat'l Ass'n for Gun Rts. v. City of Highland Park, Ill.*, No. 1:22-cv-04774, Dkt. 70 (N.D. Ill. Feb. 1, 2023).

[3] *See, e.g.*, *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J.*, 910 F.3d 106, 112 n.8 (3d Cir. 2018); *Rupp v. Becerra*, 401 F. Supp. 3d 978, 991–92, 992 n.11 (C.D. Cal. 2019) *vacated and remanded*, 2022 WL 2382319 (9th Cir. June 28, 2022); *Teter v. Connors*, 460 F. Supp. 3d 989, 1002–03 (D. Haw. 2020), *appeal docketed*, No. 20-15948 (9th Cir. May 19, 2020); *see also Rehaif v. United States*, 139 S. Ct. 2191, 2210 n.4, 2211 n.7 (2019) (Alito, J., dissenting).

**LEGAL STANDARD AND ARGUMENT**

3. This Court has "inherent authority and discretion to appoint amici," and regularly does so when—as here—the parties raise matters of public importance. *Bos. Gas Co. v. Century Indem. Co.*, No. 02-cv-12062, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006); *see also*, *e.g.*, *Ruthardt v. United States*, 164 F. Supp. 2d 232, 235 n.1 (D. Mass. 2001) (permitting "a number of" parties to participate as amici) ; *Strahan v. Coxe*, 939 F. Supp. 963, 966–67 (D. Mass. 1996) (admitting amici and expressly referring to materials introduced by amici); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 162 (D. Mass. 2008) ("thank[ing] the amicus for its participation"). The "role of an amicus curiae … is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admis., Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) (quotation marks omitted), *aff'd*, 807 F.3d 472 (1st Cir. 2015). An "'amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend.'" *Lefebure v. D'Aquilla*, 15 F.4th 670, 675 (5th Cir. 2021) (quoting *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, *J.*)).

4. Everytown respectfully submits that its proposed brief would offer helpful, non-duplicative insight to the Court on the correct application of *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). **First**, Everytown's brief explains that under the threshold, textual inquiry required by *Bruen*, Plaintiffs have not met their burden to demonstrate that assault weapons and large-capacity magazines are protected "arms" within the meaning of the Second Amendment. **Second**, Everytown's brief addresses an important historical question: whether the analysis should focus on the public understanding of the right to keep and bear arms in *1791* (when

the Second Amendment was ratified), or *1868* (when the Fourteenth Amendment made it applicable to the states). *Bruen* raised, but did not answer, that question. *Id.* at 2137–38. Everytown's proposed brief explains that 1868 is the proper focus and that sources in the period following 1868 also bear on the analysis. **Third**, Everytown's brief explains that, in light of *Bruen*'s discussion of historical regulation of firearms in sensitive places, *id.* at 2133, even a small number of historical laws can be sufficient to establish this nation's tradition of firearm regulation. Everytown respectfully submits that an examination of these issues would assist the Court. *Cf. Goldstein v. Hochul*, No. 1:22-cv-08300 (S.D.N.Y. Oct. 20, 2022), Dkt. 44 (granting Everytown's motion to file similar amicus brief in post-*Bruen* challenge to firearm law); *Goldman et al. v. City of Highland Park*, No. 1:22-cv-04774, Dkt. 65 (N.D. Ill. Jan. 30, 2023) (same).

5.  Although neither the Federal Rules of Civil Procedure nor the Local Rules set forth procedures for amici, this motion is timely by analogy to the Federal Rules of Appellate Procedure. Fed. R. App. P. 29(a)(6) ("An amicus curiae must file its brief … no later than 7 days after the principal brief of the party being supported is filed."). Everytown is filing this motion 7 days after the principal brief of the party it is supporting (Defendant) and 28 days before Plaintiffs' reply is due. Accordingly, granting this motion would not cause any delay to the litigation.

## CONCLUSION

Everytown respectfully requests that this Court grant it leave to file the proposed amicus curiae brief attached as Exhibit A.

Dated: February 7, 2023

Respectfully submitted,

*/s/ Adam Gershenson*
Adam Gershenson (BBO #671296)
Adam M. Katz (BBO #706834)
Rachel H. Alpert (BBO #708897)
COOLEY LLP
500 Boylston St.

Boston, MA 02116
Telephone: (617) 937-2300
Fax: (617) 937-2400
agershenson@cooley.com
akatz@cooley.com
ralpert@cooley.com

William J. Taylor, Jr. (*pro hac vice* forthcoming)
EVERYTOWN LAW
450 Lexington Ave, P.O. Box 4184
New York, NY 10017
Phone: (646) 324-8124
Fax: (917) 410-6932
wtaylor@everytown.org

*Counsel for Amicus Curiae*
*Everytown for Gun Safety*

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(2), the undersigned counsel certifies that counsel for movants met and conferred with counsel for both Plaintiffs and Defendant in a good-faith effort to resolve or narrow the issues raised by this motion.  The outcome of that conference is stated in the first paragraph of this motion.


Dated:  February 7, 2023                                                                     */s/ Adam Gershenson*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2023, the foregoing document was filed through the CM/ECF system and will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

Dated: February 7, 2023                                                                 */s/ Adam Gershenson*