IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS<br><br>and<br><br>JOSEPH R. CAPEN,<br><br>        Plaintiffs,<br><br>        v.<br><br>ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts,<br><br>        Defendant. | CIVIL ACTION No. 22-cv-11431-FDS |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Plaintiffs and Defendant before this Court hereby stipulate and agree through their respective attorneys of record, as follows:

A.    Purpose and Scope

1.    This Stipulated Protective Order of Confidentiality regarding any designated confidential documents, materials and information, whether written, graphic or electronic (hereinafter "Confidential Discovery Materials"), is intended to facilitate a reasonable and prompt disclosure of discovery materials to facilitate preparation and trial of this matter and to provide those protections consistent with applicable state and Federal laws and regulations. Confidential Discovery Materials subject to this Protective Order shall be used solely for purpose of this litigation.

1

2. This Protective Order shall govern any and all hard copy and electronic materials produced by any party in the course of this litigation, including the information contained therein, and all other information including all copies, excerpts, summaries, or compilations thereof, whether revealed in a document, deposition, other testimony, discovery response or otherwise, produced by any party to this proceeding (the "Supplying Party") to any other party (the "Receiving Party"). This Protective Order is binding upon all Parties including their respective attorneys, principals, experts, consultants, representatives, directors, officers, employees, and their respective corporate parents, subsidiaries, and affiliates, and others as set forth in this Protective Order. If additional parties are added (other than parents, subsidiaries or affiliates of current parties to this litigation), then their ability to receive the Confidential Discovery Materials as set forth in this Protective Order will be subject to them being bound, by agreement or Court Order, to this Protective Order.

B.  Designation of Discovery Material as Confidential

3. The term "Confidential Discovery Materials" refers to confidential, proprietary, trade secret, sensitive commercial information, and/or sensitive personal information, as designated in good faith by the Supplying Party in accordance with the terms of this Protective Order as being entitled to protection under applicable case law or rules, the Uniform Trade Secrets Act and federal and state privacy laws, other applicable laws and regulations, confidentiality obligations

to third parties, and/or conventional privacy practices with respect to personal information (e.g., sensitive personal identifying information).

4. Examples of Confidential Discovery Materials containing such confidential information, which is of a proprietary, business, financial, technical, or personal nature, include but are not limited to:

    a. Engineering drawings showing the dimensions, specifications, tolerances, and similar information;

    b. Raw material specifications and certifications and manufacturing process descriptions and records which provide details of the way in which a party manufactures products, components, instrumentation and/or system; and

    c. Documents related to a party's internal development, design, manufacturing, testing, marketing processes, sales statistics, marketing plans, cost and pricing structures, customer lists, distributor lists, competitors and analysis of competitor products, independent contractors, complaint investigation, recall plans and processes, and similar matters which are confidential and proprietary and/or have independent economic value because they are not known to a party's competitors or potential competitors or the general public and/or have entailed substantial cost to develop.

    d. Personnel files containing a person's social security number, performance reviews, or other types of information that are customarily kept confidential.

    e. Materials that are subject to a confidentiality obligation to a third party, such as a protective order from another litigation or a non-disclosure agreement.

5. No person who examines any item produced pursuant to a discovery request, or information that is protected by this Protective Order, shall disseminate orally, or by any other means, any protected information other than as permitted by this Order.

      6.    Any designation of Confidential Discovery Materials under this Stipulated Protective Order of Confidentiality shall not be construed as an admission or an agreement by any party:

    a.    That the designated disclosure constitutes or contains confidential information; or

    b.    That any document, material or information, or any portion thereof, constitutes competent, material, relevant, or admissible evidence in this case.

      7.    Pursuant to the terms and requirements of this Stipulated Order of Confidentiality, the Supplying Party may designate as Confidential all or any part of Discovery Materials produced by it in the course of litigation or in response to initial disclosures, and various interrogatories and requests for production of documents, as well as documents, electronic files and data compilations, and deposition transcripts and exhibits, or portions thereof, that contain or constitute confidential information.

      8.    The designation of Discovery Materials as Confidential shall be made by placing or affixing on the material in a manner that will not interfere with its legibility the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" as long as the designation is conspicuously placed on produced documents in a uniform manner. The designation shall be made prior to, or contemporaneously with, production or disclosure of that material. All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as copies) of documents designated as Confidential under this Order, or any portion of such a document, shall be immediately affixed with the designation Confidential if the word does not

already appear on the copy. All such copies shall be afforded the full protection of this Order.

9. Deposition testimony or any portion thereof may be designated Confidential by notifying the other party and court reporter either (1) on the record at the time of the deposition, or (2) by writing within thirty (30) days of receipt of the final transcript by counsel making the designation specifying the testimony being designated. Until the expiration of such 30-day period, the entire text of the deposition transcript, including all testimony therein, shall be treated as Confidential under the Protective Order, regardless of whether such testimony was designated as Confidential on the record at the time of the deposition. Any testimony which describes Discovery Material which has been designated as Confidential, as described above, shall be automatically designated as Confidential. Any deposition exhibits which have been marked Confidential shall be automatically treated as Confidential documents under the terms of this Protective Order and shall not be annexed to the deposition transcript as exhibits thereto unless the transcript is marked accordingly to maintain the confidentiality of documents.

10. A party may not file in the public record in this action any Confidential Discovery Materials without written permission from the Supplying Party or a court order secured after appropriate notice to the parties. Discovery Materials designated as Confidential under this Stipulated Protective Order of Confidentiality shall not be used or disclosed by any party, or their counsel or any person acting on his/her behalf to any other persons except as provided for herein, and shall not be used for

any business or competitive purpose, or for any other purposes whatsoever, other than the litigation of this action.

C.    Dispute Regarding Designation

    11.    This Stipulated Protective Order shall not be construed as a waiver by any party of the right to contest the designation of documents as Confidential under this Stipulated Protective Order. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is entitled to protection under the terms of this Stipulated Protective Order.

    12.    Pending this Court's determination, no document designated as Confidential under this Order shall be disseminated other than as provided by this Order unless otherwise ordered by the Court or as stipulated by the Parties. To the extent that this Court determines that a document designated as Confidential under this Order is not entitled to protection under this Order, then said document will be considered non-confidential and non-protected for purposes of this litigation.

D.    <u>Disclosure and Use of Confidential Discovery Materials</u>

       13.    Confidential Discovery Materials under this Stipulated Protective Order of Confidentiality shall not be disclosed to any other person or entity, except in the following circumstances:

       a.    Disclosure may be made to counsel for the Parties and employees of counsel for Plaintiffs or Defendant who have direct functional responsibility for assisting in the litigation of this action or any appeal herein. Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulated Protective Order requiring that the material and information be held in confidence.

       b.    Disclosure may be made to consultants or experts employed by Plaintiffs or Defendant, or their counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any consultant, expert, independent or otherwise, the individual must agree to be bound by the terms of this Protective Order by executing the acknowledgement annexed to the [Proposed] Stipulated Protective Order as Exhibit A. A copy of each executed acknowledgement shall be maintained for Plaintiffs by Plaintiffs' counsel and for Defendant by Defendant's counsel during the course of the litigation. At the conclusion of the litigation, counsel for Receiving Party shall confirm in writing with counsel for Supplying Party that it will seek to have any Confidential Discovery Materials that were provided to consultants or experts returned to counsel for the Receiving Party.

       c.    Disclosure may be made to the Parties only to the extent required for assisting in the preparation and trial of this matter or any appeal herein and only after giving the producing party of the confidential information notice and an opportunity to object. To the extent such disclosure is made, such Party shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulated Protective Order of Confidentiality requiring that the material and information be held as confidential.

       d.    Disclosure may be made to the Court and court personnel (including the court having jurisdiction over any appeal), subject to the limitations set forth in Paragraph 16.

       e.    Disclosure may be made to Court reporters only for the purposes of participating in the deposition process used in connection with the

litigation. To the extent such disclosure is made, the Court reporter shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulated Protective Order of Confidentiality requiring that the material and information be held as confidential. Any court reporter to whom disclosure is made shall hold the material and information in confidence and shall not sell, distribute or otherwise disclose the material and information to anyone other than counsel of record.

   f. Disclosure may be made to any person who (i) wrote or received a copy of the document designated confidential before it was furnished in this litigation, or (ii) was present or participated in a meeting or discussion of the protected information before it was furnished in this litigation.

   g. Disclosure may be made to employees of outside copying, document imaging, litigation and trial support, and facsimile services. To the extent such disclosure is made, such employees shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Stipulated Protective Order of Confidentiality requiring that the material and information be held as confidential.

   h. Disclosure may be made to witnesses or deponents during deposition or trial testimony in the course of this litigation, only as necessary for the litigation. If the witness or deponent is not an employee or agent of a Party, then disclosure shall only be made after the person to whom such disclosure is made has been informed of the Stipulated Protective Order of Confidentiality and has agreed in writing to be bound by it, by signing the form of acknowledgement annexed as Exhibit A. A copy of each executed acknowledgement shall be maintained for witnesses for the Plaintiffs by Plaintiffs' counsel and for witnesses for the Defendant by Defendant's counsel during the course of the litigation. If the witness or deponent is an employee or agent of a Party then such procedures need not be taken before using the document at the deposition or proceeding.

14. All counsel shall keep all Confidential Discovery Materials which are received under this Stipulated Protective Order of Confidentiality within its exclusive possession and control, except as provided in paragraph 13, and shall take reasonable steps to maintain such material in a secure manner. Except as provided in paragraph 13 above, no person shall have access to the foregoing material and information.

15. Any person having access to Confidential Discovery Materials under this Stipulated Protective Order of Confidentiality, including consultants and experts, are permitted to make copies, extracts, summaries, or descriptions of the material or information or any portion thereof as necessary for the preparation and trial of this litigation.

E. <u>Response to Subpoena or Other Request for Production</u>

16. If another court or an administrative agency subpoenas or otherwise orders production of Confidential Discovery Materials that a person has obtained under the terms of this Order, the person to whom the subpoena or other process is directed shall promptly notify the court or administrative agency which issued the subpoena or other process that the requested materials are the subject of an Order of Confidentiality and the person to whom the subpoena or other process is directed shall also notify liaison counsel for the Supplying Party in writing via email and first-class mail of all of the following: (1) the Confidential Discovery Materials that are requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued. In no event shall Confidential Discovery Materials be produced prior to the expiration of thirty (30) days following transmission of written notice to liaison

counsel for the Supplying Party unless required to do so by the subpoena or court order seeking the documents. Nothing in this Order shall prohibit the Supplying Party from filing an application to intervene in the litigation, administrative proceeding or other proceeding in which the subpoena or other process has been issued.

17. In the event the Defendant to the Action or her counsel are the recipients of Confidential Discovery Materials not already within their possession, custody, or control that are disclosed pursuant to this Order, no such Confidential Discovery Materials may be further disclosed in response to a request made under the Massachusetts Public Records Law (M.G.L. c. 66, § 10) ("PRL") absent an Order from this Court permitting such disclosure, except insofar as the Confidential Discovery Materials has already been publicly disclosed (through Court filing or otherwise). In considering whether to issue a disclosure order in response to such a request, the Court will follow the approach outlined by the Supreme Judicial Court of Massachusetts in *Commonwealth v. Fremont Investment & Loan*, 459 Mass. 209 (2011). It shall be the responsibility of the recipient of the PRL request to inform any requester of this procedure where their PRL request may implicate this Order. Further, Confidential Discovery Materials produced or disclosed (and not received) by the Defendants pursuant to this Order will remain subject to the PRL to the same extent and in the same way such information it would otherwise be subject to the PRL in the absence of any disclosure made pursuant to this Order.

G.    Unauthorized Disclosure

18.    If any party learns of any unauthorized disclosure of Confidential Discovery Materials by Parties or counsel in this litigation, it shall immediately inform the Court in writing of all pertinent facts relating to such disclosure.

H.    Inadvertent Production

19.    Inadvertent production of any Discovery Materials without a designation of Confidential will not be deemed to waive a later claim to its confidential nature or preclude a party from designating said document or information as Confidential pursuant to this Order at a later date. Any party may designate as Confidential or withdraw a Confidential designation from any Discovery Materials that it has produced, provided, however, that such re-designation shall be effective only as of the date of such re-designation. A party must treat such documents and things with the noticed level of protection from the date such notice is received. Such re-designation shall be accomplished by notifying counsel for each party in writing of such re-designation and providing replacement images bearing the appropriate description. Upon receipt of any re- designation and replacement image that designates Discovery Material as a Confidential, all Parties shall (1) treat such material in accordance with this Order; (2) take reasonable steps to notify any persons known to have possession of any such material of such re-designation under this Protective Order; (3) promptly endeavor to procure all copies of such material from any persons known to have possession of such material who are not entitled to receipt under this Protective Order; and (4) promptly return all

copies of such materials to Supplying Party or certify in writing to liaison counsel that all copies have been destroyed.

20.    Inadvertent production of documents or information (hereinafter "Inadvertently Produced Materials") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the party producing the materials shall notify all Parties in writing within a reasonable period of time from the discovery of the inadvertent production. If such notification is made, such Inadvertently Produced Materials and all copies thereof shall be returned to the party making the inadvertent production, all notes or other work product of the Receiving Party reflecting the contents of such materials shall be destroyed, and such returned or destroyed material shall be deleted from any litigation-support or other database. Receiving Party shall provide written notice that such Inadvertently Produced Materials have been returned or destroyed. After service of such notice of inadvertent production, the party receiving such document can challenge the propriety of the designation of privilege or claim of inadvertence, but must treat the produced document as a confidential and privileged document until such challenge is resolved by Court Order or otherwise. The Receiving Party must return any such Inadvertently Produced Materials to the Supplying Party for proper designation within seven (7) days of such notice. Failure to return all copies of such Inadvertently Produced Materials precludes the use of such documents for purposes of this specific litigation as well as for any other purposes, and precludes

the Receiving Party from challenging the propriety of the designation. If the Receiving Party's motion is denied, the Receiving Party shall promptly comply with the immediately preceding provisions of this paragraph or such other directives as may be issued by the Court. No use shall be made of such Inadvertently Produced Materials during depositions or at trial, nor shall they be disclosed to anyone who was not given access to them prior to the request to return or destroy them. Each party retains all rights and arguments as to any proceeding regarding Inadvertently Produced Materials.

I.   Return and/or Destruction of Documents

16.   Unless otherwise agreed or ordered, upon final termination of this action, whether by judgment, settlement or otherwise, upon written request from counsel for the Supplying Party, counsel for all Parties shall return to counsel for the Supplying Party all materials originally produced in hard copy that were designated by Supplying Party as Confidential Discovery Materials in accordance with this Stipulated Protective Order of Confidentiality, and shall make best efforts to destroy all documents originally produced in electronic form and all copies of any materials, however produced, in their possession that were designated by Supplying Party as Confidential Discovery Materials in accordance with this Stipulated Protective Order of Confidentiality. Attorney work product that references Confidential Materials need not be returned or destroyed but should be maintained in a manner to maintain confidentiality of designated materials.

J.      <u>Amendments to Protective Order</u>

17.    Any party for good cause shown may apply to the Court for modification of this Protective Order, or the Protective Order may be modified by consent of the Parties in writing. This Stipulated Protective Order of Confidentiality shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity, and the Court shall not be divested of jurisdiction of any person or of the subject matter of this Order by the occurrence of conclusion of this case, or by the filing of a notice of appeal, or other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

**IT IS SO ORDERED:**

_____
F. Dennis Saylor, IV
United States District Judge

**AGREED TO BY COUNSEL OF RECORD:**

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge, Colorado 80033
(303) 205-7870
barry@arringtonpc.com

Thomas M. Harvey
Law Office of Thomas M. Harvey
22 Mill Street

Suite 408
Arlington, MA 02476-4744
617-710-3616
Fax: 781-643-1126
tharveyesq@aol.com
*Attorneys for Plaintiffs*


ANDREA JOY CAMPBELL,
in her official capacity as Attorney General
 of the Commonwealth of Massachusetts,

*/s/ Grace Gohlke*

_____
Grace Gohlke
Aaron Macris
Massachusetts Attorney General's Office
Constitutional & Administrative Law Division
McCormack Building
One Ashburton Place
20th Floor
Boston, MA 02108
617-963-2527
617-963-2987
grace.gohlke@mass.gov
aaron.macris@mass.gov
*Attorneys for Defendant*


DATED: September ___, 2025

## **EXHIBIT A**

## **CONFIDENTIALITY AGREEMENT**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order of Confidentiality executed by the attorneys of record for the Parties and entered by the Court in the action presently pending in the United States District Court for the District of Massachusetts, National Association for Gun Rights v. Campbell, Civil Action No. 22-cv-11431-FDS, and understands the terms thereof and agrees, upon threat of penalty of contempt, to be bound by such terms.

Date: _____   Signature: _____

Printed Name: _____