UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, and JOSEPH R. CAPEN,<br><br>      Plaintiffs,<br><br>      v.<br><br>ANDREA JOY CAMPBELL, in her official capacity as Attorney General of the Commonwealth of Massachusetts,<br><br>      Defendant. | Civil Action No. 1:22-cv-11431-FDS |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ATTORNEY GENERAL ANDREA JOY CAMPBELL'S
UNOPPOSED MOTION TO CONSOLIDATE PRESENT MATTER
WITH *HANLON v. CAMPBELL* (25-cv-12325)**

Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 40.1(k), the Defendant Andrea Joy Campbell, in her official capacity as Attorney General of the Commonwealth of Massachusetts ("Defendant"), hereby moves to consolidate this matter with the later-filed matter of *Hanlon v. Campbell* (25-cv-12325), which is currently pending before Judge Stearns. Plaintiffs in both cases have indicated they do not intend to oppose this motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Capen v. Campbell* **(22-cv-11431)**

The first complaint was filed in the present matter on September 7, 2022. Dkt. 1. The complaint sought to challenge Massachusetts's restrictions on assault weapons and large-capacity magazines under then-current versions of Mass. Gen. Laws ch. 140, §§ 121, 131M. Dkt. 1. ¶ 11. The complaint brought a single claim under the Second and Fourteenth Amendments to the United States Constitution, seeking relief in the form of (1) declaratory relief declaring that

the challenged restrictions are unconstitutional; (2) injunctive relief enjoining enforcement of the challenged restrictions; (3) remedies available under 42 U.S.C. § 1983, including attorneys' fees, costs, and expenses under 42 U.S.C. § 1988; and (4) any other relief the Court deems proper. Dkt. 1. ¶¶ 38-41.

The Plaintiffs filed a motion for preliminary injunction on November 9, 2022 (Dkt. 15), which, after briefing and hearing, the Court denied on December 21, 2023. Dkt. 62. The Plaintiffs appealed, and the First Circuit affirmed the Court's order denying the preliminary injunction, with the mandate issuing on May 9, 2025. Dkt. 72.

The parties then submitted a joint statement and proposed scheduling order on July 30, 2025. Dkt. 78. The Court adopted that schedule on August 8, 2025, with dates as follows:

- Amendment to Pleadings to be filed by 9/5/2025.
- All discovery, other than expert discovery, must be completed by 3/20/26.
- Opening expert reports must be disclosed by 6/26/26.
- Rebuttal expert reports, if any, must be disclosed by 9/4/26.
- All expert discovery must be completed by 10/30/26.
- Plaintiffs motion for summary judgment must be filed by 12/11/26.
- Defendants opposition and cross-motion for summary judgment must be filed by 1/20/27.
- Plaintiffs reply in support of their summary judgment motion and opposition to Defendants cross-motion must be filed by 2/10/26.
- Defendants reply in support of their summary judgment motion must be filed by 3/3/27.

Under this schedule, the Plaintiffs filed an amended complaint on September 4, 2025. Dkt. 83. The amended complaint names a single defendant, Andrea Joy Campbell in her official capacity as the Attorney General of Massachusetts. Dkt. 83 ¶ 3. The amended complaint reflects amendments to the challenged Massachusetts laws at Mass. Gen. Laws ch. 140, §§ 121, 131M, which were amended in October 2024. Dkt. 83 ¶¶ 7-10. The amended complaint maintains a single claim under the Second and Fourteenth Amendments, and the prayer for relief maintains the same requested relief for declaratory and injunctive relief, as well as remedies under 42 U.S.C. §§ 1983 & 1988 and any other relief the Court deems proper. Dkt. 83 ¶¶ 28-31.

2

The Defendant filed an answer to the amended complaint on September 18, 2025. Dkt. 85. Additionally, the parties filed a joint stipulation for the entry of a protective order, which the Court entered on September 25, 2025. Dkts. 86 & 87,

**_Hanlon v. Campbell_ (25-cv-12325)**

The second matter that Defendant proposes to consolidate into the present matter is *Hanlon et al. v. Campbell et al.* (No. 25-cv-12325), presently pending before Judge Stearns.

The complaint in that matter was filed on August 21, 2025, and service was completed on September 3, 2025. *Hanlon*, Dkts. 1 & 9. The answer is currently due on October 24, 2025. *Hanlon*, Dkt. 10.

The *Hanlon* complaint challenges Massachusetts's restrictions on assault-style firearms, as amended in October 2024, found at Mass. Gen. Laws ch. 140, §§ 121 & 131M. *Hanlon*, Dkt. 1 ¶¶ 2, 26-32. The *Hanlon* complaint names two defendants—Andrea Joy Campbell, in her official capacity as the Attorney General of Massachusetts (who is also the Defendant in this case), and Terrence M. Reidy, in his official capacity as Secretary of the Executive Office of Public Safety and Security of the Commonwealth of Massachusetts. *Id.* ¶¶ 18-19.

The *Hanlon* complaint brings two claims. The first claim is under the Second and Fourteenth Amendments, asserting that Massachusetts's restrictions on assault-style firearms violate the right to keep and bear arms. *Id.* ¶¶ 44-60. The second claim is under the Fifth and Fourteen Amendments, asserting that the definition of "assault-style firearms" at Mass. Gen. Laws ch. 140, § 121 is unconstitutionally vague. *Id.* ¶¶ 61-70. In its prayer for relief, the complaint seeks (1) a declaration that "the challenged provisions of the Act's 'assault-style' firearms prohibition [are] unconstitutional on their face and as applied"; (2) injunctive relief to enjoin Defendants "from enforcing the challenged provisions of the Act"; (3) reasonable costs,

including attorneys' fees, under 42 U.S.C. § 1988; and (4) other relief the Court deems proper. *Id.* at 28, ¶¶ (a)-(d).

The complaint in *Hanlon* acknowledges that First Circuit precedent, including the First Circuit decision affirming the district court's denial of a preliminary injunction in *Capen*, is contrary to their position but asserts that they "initiate this litigation to vindicate their Second Amendment rights and have *Worman*, *Ocean State Tactical*, and *Capen* overruled." *Id.* ¶ 5.

## ARGUMENT

These matters should be consolidated in the interest of judicial economy and to preserve the resources of both the parties and the Court. The two complaints generally challenge the same set of laws and seek similar relief. While the parties and claims are not identical, that is not required for consolidation.

Rule 42 of the Federal Rules of Civil Procedure permits the court to consolidate two actions if those two actions "involve a common question of law or fact." The District of Massachusetts Local Rule 40.1(k) provides that any motion to consolidate "shall be made in the case first filed in this court," which, here, is the present matter of *Capen v. Campbell* (22-cv-11431), filed in 2022.

"District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018). In ruling on a motion to consolidate, "[t]he threshold issue is whether the two proceedings involve a common party *and* common issues of fact or law." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). Here, both actions involve the Attorney General named as a defendant in her official capacity. Further, at least one dispositive legal question is the same in both cases: whether the provisions of Mass. Gen. Laws ch. 140, §§ 121 & 131M that restrict assault-style

firearms are constitutional. Both complaints rely on the same Second Amendment precedent and make similar factual and legal claims about the "common use" of the restricted firearms.

The Defendant acknowledges that there are some claims unique to each case. Only the plaintiffs in *Capen* challenge the same laws' restrictions on large-capacity magazines, and only the plaintiffs in *Hanlon* bring a due process vagueness challenge. But as to the Second Amendment claim in both complaints regarding assault-style firearms, the Commonwealth expects to engage in largely the same defensive litigation and expects that the district courts will be required to engage in the same legal analysis.

Once it is determined that the two cases share a common party and common issues of fact or law, "the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Seguro de Servicio*, 878 F.2d at 8. "A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice.'" *Id.* (citation omitted).

Here, consolidation would, among other benefits, "avoid[] the need to contact parties and witnesses for multiple proceedings . . . and minimize[] the expenditure of time and money for all parties involved." *Piercy v. AT&T Inc.*, 348 F.R.D. 1, 3 (D. Mass. 2024). For example, the Defendant anticipates relying on expert reports related to the historical support for the modern regulations that would be redundant in the two cases. Consolidation would avoid the need to duplicate production of those reports, and avoid competing schedules for the same events in both cases, which would cause undue burden on the defendants in the two cases.

In addition, consolidation would not prejudice any plaintiffs and would not delay adjudication of the claims in either *Capen* or *Hanlon*. Defendants' answer in *Hanlon* is due to be filed October 24, 2025, only 29 days after the answer to the amended complaint was filed in

*Capen*, on September 25, 2025. Under the scheduling order issued in *Capen*, discovery is set to continue until March 20, 2026, leaving the plaintiffs in the *Hanlon* matter ample opportunity to engage in discovery if they so wish. In the interest of fairness, Defendant would ask the Court to set a separate deadline of November 14, 2025, for any amendment to the pleadings in *Hanlon*, given that the deadline to do so in *Capen* has already passed.

Defendant recognizes the reservation of the rights of both sets of Plaintiffs to seek severance for purposes of trial at the appropriate juncture, if any claim by any plaintiff proceeds past the summary judgment stage. Defendant also recognizes the reservation of the rights of the *Hanlon* plaintiffs to seek modification of the *Capen* protective order (Dkt. 87) under the terms of that order.

## CONCLUSION

For the forgoing reasons, Attorney General Campbell respectfully requests that this Court order consolidation of this matter with *Hanlon v. Campbell* (25-cv-12325) for all purposes and further order that (1) the scheduling order issued in this matter on August 8, 2025 (Docket No. 82) controls both consolidated cases, *except that* the answer to the complaint in *Hanlon* remains due on or before October 24, 2025 and any amendment to the pleadings in *Hanlon* be due by November 14, 2025, and (2) the stipulated protective order entered in this matter on September 25, 2025 (Docket No. 87) also applies to the parties in the *Hanlon* matter, reserving the rights of the *Hanlon* plaintiffs to seek a modification of the protective order under the terms laid out within that protective order.

[*signature block on following page*]

| | |
|---|---|
| October 3, 2025 | Respectfully submitted,<br><br>ANDREA CAMPBELL,<br>in her official capacity as Attorney General of the<br>Commonwealth of Massachusetts,<br><br>*/s/ Grace Gohlke*<br><br>Grace Gohlke, BBO # 704218<br>Aaron Macris, BBO # 696323<br>Assistant Attorneys General<br>Office of the Attorney General<br>One Ashburton Place<br>Boston, MA 02108-1698<br>(617) 963-2527<br>(617) 963-2987<br>(617) 727-5785 (Facsimile)<br>Grace.Gohlke@mass.gov<br>Aaron.Macris@mass.gov |

7

## **CERTIFICATE OF SERVICE**

I, Grace Gohlke, hereby certify that a true and correct copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 3, 2025. I also certify that courtesy copies of this motion have been served on counsel in *Hanlon v. Campbell* (25-cv-12325) by email.

>                                    */s/ Grace Gohlke*
>                                    Assistant Attorney General