UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER HANLON; DAVID WORMAN; NANCY TREHUB; JEFFREY SACKS; MASS GUN SHOP INC. d/b/a PIONEER VALLEY ARMS; GUN OWNERS' ACTION LEAGUE, INC.; and NATIONAL RIFLE ASSOCIATION OF AMERICA,<br><br>          Plaintiffs,<br>v.<br><br>ANDREA CAMPBELL, in Her Official Capacity as Attorney General of the Commonwealth of Massachusetts; and SUSAN TERREY, in Her Official Capacity as Interim Secretary of the Executive Office of Public Safety and Security,[1]<br><br>          Defendants. | Civil Action No. 25-cv-12325<br>(Consolidated with 22-11431-FDS) |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants, Attorney General Andrea Campbell in her official capacity as the Attorney General of the Commonwealth of Massachusetts, and Susan Terrey, in her official capacity as Interim Secretary of the Executive Office of Public Safety and Security (the "Defendants"), hereby answer the Plaintiffs' Complaint as follows.

Defendants deny the allegations in the unnumbered paragraph at the beginning of the Complaint, insofar as they assert that the challenged laws are unconstitutional.

---

[1] At the time this action was filed, Terrence Reidy was Secretary of the Executive Office of Public Safety and Security and he was sued in his official capacity only. Pursuant to Fed. R. Civ. P. 25(d), Susan Terrey who became Interim Secretary in October 2025, is automatically substituted as a defendant for former Secretary Reidy with respect to the official-capacity claims against the Secretary.

1

1. Paragraph 1 purports to quote constitutional provisions and cases of the Supreme Court of the United States, which speak for themselves and no response is required.

2. The Defendants admit only that An Act Modernizing Firearm Laws, Chapter 135 of the Acts of 2024 was enacted by the Massachusetts Legislature and signed into law by the Massachusetts Governor in 2024, but Defendants deny the characterizations of that law in Paragraph 2, including because they are inaccurate.

3. The first sentence of Paragraph 3 describes Plaintiffs' claims, which is not a factual allegation, and no response is required. Defendants deny the second and third sentences of Paragraph 3.

4. Denied.

5. Paragraph 5 purports to characterize First Circuit case law, which speaks for itself. To the extent Paragraph 5 purports to characterize Plaintiffs' intentions in filing this lawsuit, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

6. Paragraph 6 purports to characterize statements of Supreme Court Justices in regard to denials of petitions of certiorari, which speak for themselves. To the extent a response is required, Defendants deny any factual allegations contained in Paragraph 6. Defendants further deny that the Commonwealth's restrictions on assault-style firearms are unconstitutional.

7. Paragraph 7 characterizes Plaintiffs' prayers for relief, which is not a factual allegation and no response is required. Defendants deny that the Commonwealth's restrictions on assault-style firearms are unconstitutional and deny that Plaintiffs are entitled to any relief that they seek.

8. Admitted.

9. Admitted that the Court has such authority, but Defendants deny that Plaintiffs are entitled to any relief.

10. Admitted.

11. Defendants admit that Peter Hanlon currently holds a valid License to Carry. Except as admitted, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 that concern Mr. Hanlon's intentions regarding firearms that are prohibited by the challenged laws. Defendants deny that the arms covered by the challenged laws "are in common use for self-defense and other lawful purposes, are widely possessed and sold both inside (prior to the Act) and outside of the Commonwealth, and are thus constitutionally protected arms that cannot be banned."

12. Defendants admit that David Worman currently holds a valid License to Carry. Except as admitted, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 that concern Dr. Worman's intentions regarding firearms that are prohibited by the challenged laws. Defendants deny that the arms covered by the challenged laws "are in common use for self-defense and other lawful purposes, are widely possessed and sold both inside (prior to the Act) and outside of the Commonwealth, and are thus constitutionally protected arms that cannot be banned."

13. Defendants admit that Nancy Trehub currently holds a valid License to Carry. Except as admitted, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 that concern Ms. Trehub's intentions regarding firearms that are prohibited by the challenged laws. Defendants deny that the arms covered by the challenged laws "are in common use for self-defense and other lawful purposes,

are widely possessed and sold both inside (prior to the Act) and outside of the Commonwealth, and are thus constitutionally protected arms that cannot be banned."

14. Defendants admit that Jeffrey Sacks currently holds a valid License to Carry. Except as admitted, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 that concern Dr. Sacks's intentions regarding firearms that are prohibited by the challenged laws. Defendants deny that the arms covered by the challenged laws "are in common use for self-defense and other lawful purposes, are widely possessed and sold both inside (prior to the Act) and outside of the Commonwealth, and are thus constitutionally protected arms that cannot be banned."

15. Defendants admit that Pioneer Valley Arms is a licensed firearms dealer located in Hampden County. Defendants deny that the challenged laws prohibit "firearms in common use for self-defense and other lawful purposes." The fifth sentence of Paragraph 15 purports to state a legal conclusion regarding a purported "right to sell firearms," to which no response is required. To the extent a response is required, Defendants deny that Pioneer Valley Arms has a right to sell firearms. Except as otherwise stated, the Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences of Paragraph 16. The remaining sentences of Paragraph 16 purport to characterize Plaintiffs' claims, state legal conclusions, and characterize case law, to which no response is required. To the extent a response is required, Defendants deny any factual allegations in the fifth, sixth, and seventh sentences of Paragraph 16.

17. The Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first nine sentences of Paragraph 17. The remaining sentences of

Paragraph 17 purport to characterize Plaintiffs' claims, state legal conclusions, and characterize case law, to which no response is required. To the extent a response is required, Defendants deny any factual allegations in the tenth, eleventh, and twelfth sentences of Paragraph 17.

18.     Admitted.

19.     Defendants admit that at the time this action was filed, Terrence Reidy was Secretary of the Executive Office of Public Safety and Security (the "Secretary"), and he was sued in his official capacity only. Pursuant to Fed. R. Civ. P. 25(d), Susan Terrey, who became Interim Secretary in October 2025, is automatically substituted as a defendant for former Secretary Reidy with respect to the official-capacity claims against the Secretary. Defendants admit that the Secretary oversees the Department of Criminal Justice Information Services ("DCJIS") and promulgates regulations within its authority. Defendants deny that the Secretary has criminal enforcement responsibility or authority. Defendants further deny that the Secretary is authorized to issue firearms identification cards or licenses to carry, which are issued by local licensing authorities.

20.     Paragraph 20 purports to characterize the state of the law prior to 2024, to which no response is required.

21.     Paragraph 21 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

22.     Paragraph 22 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

23.     Paragraph 23 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

24. Paragraph 24 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

25. Paragraph 25 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required. Defendants deny that the challenged laws impose "novel restrictions" on firearms.

26. Paragraph 26 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

27. Paragraph 27 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

28. Paragraph 28 purports to characterize and quote Massachusetts state law, to which no response is required.

29. Paragraph 29 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

30. Paragraph 30 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

31. Paragraph 31 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

32. Paragraph 32 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

33. Denied.

34. Paragraph 34 purports to characterize Supreme Court case law and statements of Supreme Court Justices in regard to denials of petitions of certiorari, which speak for themselves.

To the extent a response is required, Defendants deny any factual allegations contained in Paragraph 34.

35. Denied.

36. Denied.

37. Paragraph 37 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

38. Paragraph 38 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

39. Paragraph 39 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

40. Paragraph 40 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

41. Admitted.

42. Paragraph 42 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required. To the extent a response is required, Defendants deny any factual allegations contained in Paragraph 42.

43. Denied.

44. The Defendants incorporate their responses to Paragraphs 1-43 by reference.

45. Paragraph 45 purports to characterize the law, to which no response is required.

46. Paragraph 46 purports to characterize the law, to which no response is required.

47. The Defendants deny that the "assault-style firearms" restricted under the challenged laws are constitutionally protected. Otherwise, Defendants lack information to form an opinion about the truth of the factual allegations in Paragraph 47.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Defendants admit that Attorney General Campbell has the authority to enforce the Commonwealth's criminal laws, including the challenged restrictions on assault-style firearms. Defendants otherwise deny the characterizations reflected in the allegations of Paragraph 52, including because they are overly broad.

53. Defendants deny that the Secretary has criminal enforcement responsibility or authority.

54. Paragraph 54 cites to Supreme Court case law, which speaks for itself, and contains legal conclusions, to which no response is required. To the extent a response is required, Defendants deny that the challenged restrictions violate the Second Amendment.

55. Paragraph 55 states a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny that the challenged restrictions violate the Second Amendment.

56. Denied.

57. Denied.

58. The Defendants lack information to form an opinion as the truth of the allegations in Paragraph 58.

59. Denied.

60. Denied.

61. The Defendants incorporate their responses to Paragraphs 1-43 by reference.

62. Denied.

63. Denied.

64. The Defendants admit only that Mass. Gen. Laws ch. 140, § 131 ¾ instructs the Secretary "not less than three times annually, publish the roster in newspapers of general circulation throughout the commonwealth, and shall send a copy thereof to all dealers licensed in the commonwealth under the provisions of said section 122 of said chapter 140." Otherwise, Defendants deny any mischaracterizations of Massachusetts statutes contained in Paragraph 64.

65. Denied.

66. Paragraph 66 purports to characterize Massachusetts state law and to state legal conclusions, to which no response is required.

67. Paragraph 67 purports to quote Supreme Court case law, which speaks for itself, and to state legal conclusions, to which no response is required.

68. Denied.

69. Denied.

70. Denied.

## PRAYER FOR RELIEF

The remainder of the Complaint, including but not limited to paragraphs a-d, constitutes Plaintiffs' request for relief, to which no response is required. To the extent that a response may be required, Defendants deny that Plaintiffs are entitled to any relief.

[*continued on following page*]

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Commonwealth's sovereign immunity and Eleventh Amendment immunity bar Plaintiffs from seeking or obtaining relief against the Commonwealth and, in particular, bar a declaration or enforcement of state law against the defendant officials.

### Second Affirmative Defense

The Complaint fails to state a claim for violation of Plaintiffs' rights under the Second and Fourteenth Amendments to the United States Constitution.

### Third Affirmative Defense

The Plaintiffs have not alleged injury-in-fact and so lack standing to prosecute this case. This Court therefore lacks jurisdiction over the subject matter of this action under Article III.

### Fourth Affirmative Defense

The Plaintiffs' claims are not ripe and this Court therefore lacks jurisdiction over the subject matter of this action.

### Additional Defenses

The Defendants reserve the right to raise any and all defenses that may become apparent or available during the course of the proceedings in this case.

WHEREFORE, Defendants request that this Court: (1) dismiss the Complaint, deny Plaintiffs' Prayers for Relief with prejudice, and enter judgment for the Defendants; and (2) order such other relief as is just and proper.

[*signature block on following page*]

|  | Respectfully submitted, |
|---|---|
|  | ANDREA JOY CAMPBELL<br>ATTORNEY GENERAL |
|  | SUSAN TERREY<br>INTERIM SECRETARY, EXECUTIVE OFFICE OF PUBLIC SAFETY AND SECURITY |
|  | By their attorneys: |
|  | ANDREA JOY CAMPBELL<br>ATTORNEY GENERAL |
| October 24, 2025 | */s/ Grace Gohlke*<br>Grace Gohlke (BBO #704218)<br>Aaron Macris (BBO #696323)<br>Massachusetts Attorney General's Office<br>McCormack Building<br>One Ashburton Place<br>Boston, MA 02108<br>617-963-2527<br>grace.gohlke@mass.gov<br>aaron.macris@mass.gov |

**CERTIFICATE OF SERVICE**

I, Grace Gohlke, hereby certify that, on October 24, 2025, a true and accurate copy of this Answer was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Grace Gohlke*
Grace Gohlke, BBO # 704218
Assistant Attorney General