UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **NATIONAL ASSOCIATION FOR GUN RIGHTS, ET AL.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ANDREA CAMPBELL,**<br><br>**Defendant.** | Civil Action No. 22-cv-11431 |
| **PETER HANLON, ET AL.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ANDREA CAMPBELL, ET AL.,**<br><br>**Defendants.** | Civil Action No. 25-cv-12325 |

## JOINT MOTION TO STAY

Plaintiffs National Association for Gun Rights, Joseph R. Capen, Peter Hanlon, David Worman, Nancy Trehub, Jeffrey Sacks, Mass Gun Shop, Inc. d/b/a Pioneer Valley Arms, Gun Owners' Action League, Inc., and National Rifle Association of America ("Plaintiffs") and Defendants Andrea Campbell, in her official capacity as Attorney General of the Commonwealth of Massachusetts, and Gina K. Kwon, in her official capacity as Secretary of the Executive Office of Public Safety and Security ("Defendants"), by and through their undersigned counsel, hereby move to stay further proceedings in this matter until the conclusion of the United States Supreme Court's October Term 2025, pending the Supreme Court's decisions of *Wolford v. Lopez*, No. 24-1046 and *United States v. Ali Danial Hemani*, No. 24-1234, and its resolution of several pending

1

certiorari petitions in Second Amendment cases. In support of their Motion, the parties state as follows:

1. In this consolidated action, Plaintiffs challenge Massachusetts's restrictions on assault-style firearms and ammunition feeding devices, found at Mass. Gen. Laws ch. 140, §§ 121 & 131M. *See Capen* (22-cv-11431), Dkt. 83 ¶¶ 7-10; *Hanlon* (25-cv-12325), Dkt. 1 ¶¶ 2, 26-32. Plaintiffs allege that the challenged restrictions violate the Second Amendment. *See, e.g.*, *Hanlon* (25-cv-12325), Dkt. 1 at 1-2. Specifically, Plaintiffs allege that the Commonwealth's firearms restrictions are "not consistent with this Nation's historical tradition of firearms regulation" under the framework established in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1, 17 (2022). *See id.* at ¶¶ 2, 49(a)-(b), 51.

2. Since these consolidated actions were filed, the Supreme Court has granted certiorari in two Second Amendment cases, respectively styled *Wolford v. Lopez*, No. 24-1046 (cert. granted October 2, 2025) and *United States v. Ali Danial Hemani*, No. 24-1046 (cert. granted October 20, 2025). *Wolford* has been fully briefed and is set for oral argument on January 20, 2026. *Hemani* has been fully briefed and is pending scheduling for oral argument.

3. In addition to *Wolford* and *Hemani*, several petitions for writs of certiorari are currently pending before the Supreme Court in other Second Amendment cases, including challenges to other States' restrictions on assault-style firearms and ammunition feeding devices.

    a. The current certiorari petitions challenging restrictions on assault-style firearms include *National Association for Gun Rights v. Lamont*, No. 25-421 ("*NAGR*") and *Viramontes v. Cook County, Illinois*, No. 25-238 (assault-style firearms cases). The petition in *Viramontes* is fully briefed and was distributed for conference as of December

2

12, 2025. The petition in *NAGR* is fully briefed as of December 18, 2025, and is awaiting distribution for conference.

    b.  The current certiorari petitions challenging restrictions on ammunition feeding devices include *NAGR*, discussed above, *Gator's Custom Guns, Inc. v. Washington*, No. 25-153 and *Duncan v. Bonta*, No. 25-198. The petitions in *Gator's Custom Guns* and *Duncan* have both been fully briefed and were distributed for conference as of December 12, 2025.

  4.  In summation, *Wolford* and *Hemani* are fully briefed, oral argument in *Wolford* is set for January 20, 2026, and resolution of the pending certiorari petitions in other Second Amendment cases will likely come during the October Term 2025, which ends in June 2026.

  5.  The Parties anticipate that the Supreme Court's decisions in *Wolford* and *Hemani*, may further develop the Supreme Court's post-*Bruen* Second Amendment framework. These decisions may thus determine or significantly affect the proper resolution of at least some of the issues presented in this action, which will obviate potentially duplicative motion practice and/or the need for supplemental briefing once those cases are decided.

  6.  A stay of this case until the conclusion of the October Term 2025 will not cause any undue prejudice. In addition, this case is still in a relatively early phase: limited discovery has been conducted to-date; summary judgment motions will not be fully briefed until March 3, 2027; and the case is not currently set on this Court's trial calendar. *See* Dkt. 82.

  7.  All parties to this action have been consulted and join this motion for stay.

WHEREFORE, the parties respectfully request that their Motion be granted and that the Court stay further proceedings in this matter until the conclusion of the United States Supreme Court's October Term 2025, pending the Supreme Court's resolution of *Wolford* and *Hemani*, and resolution of certiorari petitions in *NAGR, Viramontes, Gator's Custom Guns,* and *Duncan*.

Dated: December 23, 2025

/s/     Aaron Macris
Grace Gohlke (BBO #704218)
Aaron Macris (BBO #696323)
Massachusetts Attorney General's Office
McCormack Building
One Ashburton Place
Boston, MA 02108
617-963-2527
grace.gohlke@mass.gov
aaron.macris@mass.gov

*Attorneys for Defendants Andrea Campbell, in her official capacity as Attorney General of the Commonwealth of Massachusetts, and Gina K. Kwon, in her official capacity as Secretary of the Executive Office of Public Safety and Security*

Respectfully submitted,

/s/ James W. Porter, III
James W. Porter, III (*admitted pro hac vice*)
Bradley Arant Boult Cummings LLP
1819 5th Avenue N.
Birmingham, AL 35203
(205) 521-8000
jporter@bradley.com

John Parker Sweeney (*admitted pro hac vice*)
Bradley Arant Boult Cummings LLP
1900 K Street, NW, Suite 800
Washington, D.C. 20006
(202) 393-7150
jsweeney@bradley.com

Jason A. Guida
Law Office of Jason A. Guida, Esq.
76 Winn Street, Suite 1A
Woburn, Massachusetts 01801
Telephone: (617) 383-4652
jason@lawguida.com

*Counsel for Plaintiffs David Worman, Nancy Trehub, Jeffrey Sacks, Mass Gun Shop, Inc. d/b/a Pioneer Valley Arms, Gun Owners' Action League, Inc., and National Rifle Association of America*

/s/ Barry K. Arrington
Barry K. Arrington (*admitted pro hac vice*)
Arrington Law Firm
4195 Wadsworth Blvd.
Wheat Ridge, CO 80033

(303) 205-7870
barry@arringtonpc.com

Andrew J. Couture
Law Office of Andrew J. Couture
81 Merriam Avenue
Leominster, MA 01453
(978) 502-0221
AttyCouture@gmail.com

Thomas M. Harvey
Law Office of Thomas M. Harvey
22 Mill Street, Suite 408
Arlington, MA 02476
(617) 710-3616
tharveyesq@aol.com

*Counsel for Plaintiffs National Association for Gun Rights and Joseph R. Capen*

## **CERTIFICATE OF SERVICE**

      I, Jason A. Guida, hereby certify that on December 23, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Court's electronic filing system (ECF), which will send notification of such filing to all counsel of record. The foregoing document is also available for viewing and/or downloading from ECF.

                                    */s/ Jason A. Guida*
                                    OF COUNSEL