UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL ASSOCIATION FOR GUN RIGHTS, ET AL.,<br><br>**Plaintiffs,**<br><br>v.<br><br>ANDREA CAMPBELL,<br><br>**Defendant.** | Civil Action No. 22-cv-11431 |
| PETER HANLON, ET AL.,<br><br>**Plaintiffs,**<br><br>v.<br><br>ANDREA CAMPBELL, ET AL.,<br><br>**Defendants.** | Civil Action No. 25-cv-12325 |

**JOINT MOTION TO STAY**

Plaintiffs National Association for Gun Rights, Joseph R. Capen, Peter Hanlon, David Worman, Nancy Trehub, Jeffrey Sacks, Mass Gun Shop, Inc. d/b/a Pioneer Valley Arms, Gun Owners' Action League, Inc., and National Rifle Association of America ("Plaintiffs") and Defendants Andrea Campbell, in her official capacity as Attorney General of the Commonwealth of Massachusetts, and Susan Terrey, in her official capacity as Interim Secretary of the Executive Office of Public Safety and Security ("Defendants"), by and through their undersigned counsel, hereby move to stay further proceedings in this matter in light of the Supreme Court having granted certiorari in two cases, *Viramontes, et al. v. Cook County, et al.*, No. 25-238 and *Grant, et al. v. Higgins, et al.*, No. 25-566, the resolution of which is likely to substantially impact the issues

1

presented in this action.  The parties jointly move to stay these proceedings until 30 days after the Supreme Court issues a mandate in those two cases, without prejudice to any party's ability to move to lift the stay if circumstances change.  Additionally, the parties respectfully propose that the Court cancel the forthcoming status conference scheduled for July 10, 2026.  In support of their Motion, the parties state as follows:

1.      In this consolidated action, Plaintiffs challenge Massachusetts's restrictions on assault-style firearms and ammunition feeding devices, found at Mass. Gen. Laws ch. 140, §§ 121 & 131M.  *See Capen* (22-cv-11431), Dkt. 83 ¶¶ 7-10; *Hanlon* (25-cv-12325), Dkt. 1 ¶¶ 2, 26-32. Plaintiffs allege that the challenged restrictions deprive Plaintiffs and the law-abiding citizenry of the Commonwealth of their Second Amendment right to keep and bear arms.  *See, e.g.*, *Hanlon* (25-cv-12325), Dkt. 1 at 1-2.  Specifically, Plaintiffs allege that the Commonwealth's firearms restrictions are "not consistent with this Nation's historical tradition of firearms regulation" under the framework established in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1, 17 (2022).  *See id*. at ¶¶ 2, 49(a)-(b), 51.

2.      This case has been stayed since January 20, 2026, as the Supreme Court had granted certiorari in two Second Amendment cases that had the potential to substantially affect the issues in this case.  Shortly after deciding those two cases, the Supreme Court further granted certiorari in two additional Second Amendment cases: *Viramontes, et al. v. Cook County, et al.*, No. 25-238 and *Grant, et al. v. Higgins, et al.*, No. 25-566 (cert. granted June 30, 2026).  More specifically, the Court granted certiorari in these cases with respect to the following question: "[w]hether the Second and Fourteenth Amendments guarantee the right to possess AR-15 platform and similar semiautomatic rifles."  Petition for Writ of Certiorari, at i, *Viramontes, et al. v. Cook County, et al.*, No. 25-238 (Aug. 27, 2025).

2

3

3.     The Parties anticipate that the Supreme Court's decisions in *Viramontes* and *Grant* will, at a minimum, provide highly relevant guidance as to how courts should evaluate challenges to restrictions on assault-style firearms, like the one presented in this case.

4.     A stay of this case until 30 days after the mandate issues in *Viramontes* and *Grant* will not cause any undue prejudice.  This case is still in a relatively early phase: limited discovery has been conducted, and the parties have not yet engaged in any contested motion practice.

5.     All parties to this action have been consulted and join this motion for stay.

WHEREFORE, the parties respectfully request that their Motion be granted and that the Court stay these proceedings until 30 days after the Supreme Court issues a mandate in *Viramontes* and *Grant*, without prejudice to any party's ability to move to lift the stay if circumstances change.


Dated: July 2, 2025                              Respectfully submitted,

*/s/ Aaron Macris*                               */s/ James W. Porter, III*
Grace Gohlke (BBO #704218)                       James W. Porter, III (*admitted pro hac vice*)
Aaron Macris (BBO #696323)                       Bradley Arant Boult Cummings LLP
Massachusetts Attorney General's                 1819 5th Avenue N.
Office                                           Birmingham, AL 35203
One Ashburton Place                              (205) 521-8000
Boston, MA 02108                                 jporter@bradley.com
617-963-2527
grace.gohlke@mass.gov                            John Parker Sweeney (*admitted pro hac vice*)
aaron.macris@mass.gov                            Bradley Arant Boult Cummings LLP
                                                 1900 K Street, NW, Suite 800
                                                 Washington, D.C. 20006
*Attorneys for Defendants Andrea*                (202) 393-7150
*Campbell, in her official capacity as*          jsweeney@bradley.com
*Attorney General of the*
*Commonwealth of Massachusetts, and*             Jason A. Guida
*Susan Terrey, in her official capacity as*      Law Office of Jason A. Guida, Esq.
*Interim Secretary of the Executive*             76 Winn Street, Suite 1A
*Office of Public Safety and Security*           Woburn, Massachusetts 01801
                                                 Telephone: (617) 383-4652
                                                 jason@lawguida.com


                                                 *Counsel for Plaintiffs David Worman, Nancy*
                                                 *Trehub, Jeffrey Sacks, Mass Gun Shop, Inc.*
                                                 *d/b/a Pioneer Valley Arms, Gun Owners'*
                                                 *Action League, Inc., and National Rifle*
                                                 *Association of America*

                                                 */s/ Jonathan Shaw*
                                                 Jonathan Shaw (*admitted pro hac vice*)
                                                 Dhillon Law Group
                                                 2121 Eisenhower Avenue, Suite 608
                                                 Alexandria, VA 22314
                                                 (703) 748-2266
                                                 jshaw@dhillonlaw.com

4

Andrew J. Couture
Law Office of Andrew J. Couture
81 Merriam Avenue
Leominster, MA 01453
(978) 502-0221
AttyCouture@gmail.com

Thomas M. Harvey
Law Office of Thomas M. Harvey
22 Mill Street, Suite 408
Arlington, MA 02476
(617) 710-3616
tharveyesq@aol.com

*Counsel for Plaintiffs National Association*
*for Gun Rights and Joseph R. Capen*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using the Court's electronic filing system (ECF), which will send notification of such filing to all counsel of record. The foregoing document is also available for viewing and/or downloading from ECF.

/s/ Aaron Macris
Aaron Macris